**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

DEEP SOUTH OPERATING, LLC PLAINTIFF

V. CIVIL ACTION NO. 1:25-CV-109-MPM-RP

DSO PROJECTS, LLC, et al. DEFENDANTS

## ORDER ON MOTION TO WITHDRAW AS COUNSEL

On October 14, 2026, the court denied the motion of attorney Jeffrey Dean Leathers to withdraw as counsel for the defendants DSO Projects LLC, Onyx Digital Farms LLC, Basham Johnson, and Brandon Bryan [ECF 99], and the court ordered those defendants to appear before the undersigned on October 26, 2026 and show cause [ECF 91] as to why the court should not impose sanctions against them for failing to appear at the hearing on Mr. Leathers's motion. Prior to the show cause hearing, the undersigned received correspondence from the defendant Brandon Bryan stating that he is the sole owner of the defendant DSO Projects LLC, that he was unaware of the hearing on Mr. Leathers's motion to withdraw, that he does not oppose the motion, and that he has a medical conflict with attending the show cause hearing. Mr. Bryan also provided an address where he may be served with documents in this case. Mr. Bryan's correspondence, with medical information redacted by the undersigned, has been docketed at ECF 92.

The court finds that Mr. Bryan's failures to appear at the hearing on Mr. Leathers's motion to withdraw and at the show cause hearing should be excused; that the court's previous order denying Mr. Leathers's motion to withdraw as to Brandon Bryan and DSO Projects LLC should be vacated; that Mr. Leathers should be permitted to withdraw as counsel for said defendants; and that his withdrawal as counsel for DSO Projects should be held in abeyance pending DSO Projects' retention of substitute counsel.

Therefore, that portion of the court's previous order [ECF 90] denying Mr. Leathers's motion to withdraw as counsel for Brandon Bryon and DSO Projects LLC is VACATED.

Further, Mr. Leathers's request to withdraw as counsel for Brandon Bryan is GRANTED. Bryan is granted until November 25, 2026 to either (1) retain other counsel or (2) notify the court either that he intends to proceed *pro se,* meaning to represent himself without an attorney in this case, or that he no longer wishes to defend against the plaintiff's claims or to prosecute his counterclaim. No later than that date, one of the following must occur: (1) substitute counsel must enter an appearance on Bryan's behalf; or (2) Bryan must file a notice indicating either that he intends to proceed *pro se* or that he no longer wishes to defend against the plaintiff's claims or to prosecute his counterclaim. Any such notice should be mailed to the clerk for filing at the following address:

Clerk of the Court
911 Jackson Ave. East, Rm 369
Oxford, MS 38655

**Bryan is warned that failure to comply with this order will result in sanctions, up to and including striking his answer, entering his default, and dismissing his counterclaim, as failure to comply with this order will be construed as an indication that he no longer wishes to defend against the plaintiff's claims or to prosecute his counterclaim.** Until such time as substitute counsel enters an appearance for Bryan, copies of court orders and other papers should be mailed to him at the following address:

Brandon Bryan
2016 Brewster Road
Birmingham, AL 35235

As to Mr. Leathers's request to withdraw from the representation of DSO Projects, LLC, the court finds that said request should be granted. However, in all federal courts of the Fifth Circuit, "a corporation can appear in a court of record only by an attorney at law." *Southwest Express Co v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982). According to the Fifth Circuit, "a corporation as a fictional legal person can only be represented by licensed counsel." *In re K.M.A., Inc.*, 652 F.2d 398 (5th Cir. 1981). This rule applies equally to all artificial entities, including limited liability companies. *AHBP LLC v. Lynd Company*, No. SA-22-CV-00096-XR, 2023 WL 367704, at *2 (W.D. Tex. Jan. 23, 2023) (citing *Rowland v. California Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 201-202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993)). As such, the court finds that Mr. Leathers's withdrawal as counsel for DSO Projects LLC should be held in abeyance pending that defendant's retention of substitute counsel.

Therefore, the defendant DSO Projects LLC is ORDERED to retain substitute counsel no later than November 25, 2026. **DSO Projects is warned that its failure to comply with this order will be construed as an indication that it no longer intends to defend against the plaintiff's claims or to prosecute its counterclaim.** Mr. Leathers will remain counsel of record for DSO Projects pending the appearance of substitute counsel. If no substitute counsel has entered an appearance for DSO Projects by November 25, 2026, Mr. Leathers will then be allowed to withdraw, DSO Projects' answer to the complaint will be stricken, its default will be entered, and its counterclaim will be dismissed.

SO ORDERED, this, the 26th day of October, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE